**LEE & KAUFMAN, LLP**
Martin J. Kaufman, Esq. (SBN 155672)
Jason L. Weisberg, Esq. (SBN 150436)
U.S. Bank Tower
633 West Fifth Street, 51st Floor
Los Angeles, California 90071
Tel: (213) 239-9400
Fax: (213) 239-9409
mjk@lklaw.net

Attorneys for Defendants
Honda Canada, Inc. and DCH
Motors, Ltd. dba Richmond Acura

FILED
CLERK, U.S. DISTRICT COURT
APR 18 2005
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE APPLICATION OF HONDA ) Case No. MC 05-21 CW
CANADA, INC. AND DCH )
MOTORS, LTD. DBA RICHMOND ) In re Supreme Court of British Columbia
ACURA FOR AN ORDER TO TAKE ) Vancouver Registry No. MO 13189
DISCOVERY PURSUANT TO 28 )
U.S.C. §1782 )
) **ORDER PERMITTING HONDA**
) **CANADA, INC. AND DCH MOTORS,**
) **LTD. DBA RICHMOND ACURA TO**
) **TAKE DISCOVERY PURSUANT TO**
) **28 U.S.C. §1782**
)

The application of Honda Canada, Inc. and DCH Motors, Ltd. dba Richmond Acura, for assistance from the Court in compelling discovery of documents and a deposition relevant to a proceeding in a foreign tribunal pursuant to 28 U.S.C. § 1782, was taken under submission by minute order dated April 4, 2005. No opposition to the application was received or filed.

Upon proof being made to the satisfaction of the court that Honda Canada, Inc. and DCH Motors, Ltd. dba Richmond Acura are Defendants in a case pending before the Supreme Court of British Columbia, Dominion of Canada, Vancouver Registry, no. MO13189, entitled Ben Yu v. Janet Pellack, Alvin Pellack, Honda Canada, Inc. and DCH Motors dba Richmond Acura; that the Plaintiff in said matter is Ben Yu, who claims loss of income and loss of earning capacity as the result of an automobile accident that happened

-1-

ORDER PERMITTING HONDA CANADA, INC. AND DCH MOTORS, LTD. DBA RICHMOND ACURA
TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782

1  in Richmond, British Columbia, Dominion of Canada on July 19, 1999; that Plaintiff Ben
2  Yu was formerly a Professor of Economics at California State University, Northridge; that
3  said University has in its possession employment records pertaining to Plaintiff Ben Yu that
4  are relevant and discoverable under the Laws of the United States and the Dominion of
5  Canada; and good cause appearing therefore,

6        IT IS ORDERED, ADJUDGED AND DECREED that the application of
7  Honda Canada, Inc. and DCH Motors, Ltd. dba Richmond Acura are Defendants be, and
8  hereby is, granted.

9        IT IS FURTHER ORDERED that the Clerk of the Court shall issue a
10 Subpoena, in the form of Exhibit 1 to this order, forthwith.

11       IT IS FURTHER ORDERED that the person(s) most knowledgeable of
12 California State University, Northridge in the areas specified in Exhibit 2 to this order
13 submit to a deposition before an officer authorized by law to administer oaths, upon proper
14 and timely service of a valid Subpoena, a Notice of Deposition, and a Notice to Consumer.
15 Said service shall be made personally in the manner prescribed for service of summons
16 upon California State University, Northridge, and by mail or overnight delivery service
17 upon the solicitor for Ben Yu, Art Vertlieb, Esq., Vertlieb & Anderson, 2nd Floor, 835
18 Granville St., Vancouver, B.C., Canada V6Z1K7, (604) 688-7761.

19       IT IS FURTHER ORDERED that person(s) most knowledgeable of
20 California State University, Northridge shall produce the documents specified in Exhibit 3
21 to this order at said deposition.

22 Dated: *April 18, 2005*

23
24 By: *Carla M. Woehrle*
      *Magistrate* Judge of the United States District Court

-2-

**ORDER PERMITTING HONDA CANADA, INC. AND DCH MOTORS, LTD. DBA RICHMOND ACURA TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782**

SCANNED

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re: APPLICATION OF HONDA CANADA, INC.
AND DCH MOTORS, LTD. DBA RICHMOND ACURA
FOR AN ORDER TO TAKE DISCOVERY PURSUANT
V.
TO 28 U.S.C. Sec. 1782

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: PERSON(S) MOST KNOWLEDGEABLE,
CALIFORNIA STATE UNIVERSITY,
NORTHRIDGE, 18111 NORDHOFF ST.,
NORTHRIDGE, CA 91330 (818)677-1200

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lee & Kaufman, LLP, 633 W. Fifth St., 51st Floor, Los Angeles, CA 90071, (213) 239-9400 | 4/1/05, 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

THE DOCUMENTS TO BE PRODUCED ARE SPECIFIED ON ATTACHED PAGES 3 AND 4

| PLACE | DATE AND TIME |
|---|---|
| Lee & Kaufman, LLP, 633 W. Fifth St., 51st Floor, Los Angeles, CA 90071, (213) 239-9400 | 4/1/05, 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Honda Canada, Inc. and DCH Motors, Ltd. |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Jason L. Weisberg, Esq. (SBN 150436), Lee & Kaufman, LLP, 633 W. Fifth St., 51st Floor, Los Angeles, CA 90071, (213) 239-9400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

| SHORT TITLE: IN RE APPLICATION OF HONDA CANADA, INC. AND DCH MOTORS LTD. FOR AN ORDER TO TAKE DISCOVERY | CASE NUMBER: |
|---|---|

**DOCUMENTS TO BE PRODUCED**

1. The complete files RELATED TO Ben T. Yu. (For purposes of this deposition notice, RELATED TO means having any tendency to prove or disprove the subject matter to which the particular discovery request refers; discusses, mentions, concerns, alludes to, shows, discloses, explains, analyzes, constitutes, comprises, evidences, sets forth, summarizes, characterizes, or in any other way pertains to the subject matter of the discovery request.)

2. The complete personnel file RELATED TO Ben T. Yu.

3. All DOCUMENTS RELATED TO the salary and salary history of Ben T. Yu. (For purposes of this deposition notice, "DOCUMENT" has the same meaning as in California Evidence Code § 250 and means "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.")

4. All DOCUMENTS RELATED TO the duties of Ben T. Yu.

5. All DOCUMENTS RELATED TO any promotion(s) of Ben T. Yu.

6. All DOCUMENTS RELATED TO any demotion(s) of Ben T. Yu.

7. All DOCUMENTS RELATED TO any discipline imposed against Ben T. Yu.

8. All DOCUMENTS RELATED TO any evaluation(s) of Ben T. Yu.

9. All DOCUMENTS RELATED TO any decision to hire Ben T. Yu.

10. All DOCUMENTS RELATED TO any decision to grant tenure to Ben T. Yu.

*(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court. Page 3

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987] Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal Solutions Plus

CRC 201, 501

| SHORT TITLE: IN RE APPLICATION OF HONDA CANADA, INC. AND DCH MOTORS LTD. FOR AN ORDER TO TAKE DISCOV | CASE NUMBER. |
|---|---|

**DOCUMENTS TO BE PRODUCED (CONTINUED)**

11. All DOCUMENTS RELATED TO any decision not to grant tenure to Ben T. Yu.

12. All DOCUMENTS RELATED TO any benefits provided to Ben T. Yu.

13. All DOCUMENTS RELATED TO the salary and salary history of Ben T. Yu.

14. All DOCUMENTS RELATED TO any layoff(s) of Ben T. Yu.

15. All DOCUMENTS RELATED TO any discharge(s) of Ben T. Yu.

16. All DOCUMENTS RELATED TO any retirement of Ben T. Yu.

17. All DOCUMENTS RELATED TO any retirement benefits provided to Ben T. Yu.

18. All DOCUMENTS RELATED TO any leave of absence requested by Ben T. Yu.

19. All DOCUMENTS RELATED TO any leave of absence granted to Ben T. Yu.

20. All DOCUMENTS RELATED TO any sabbatical requested by Ben T. Yu.

21. All DOCUMENTS RELATED TO any sabbatical granted to Ben T. Yu.

22. All correspondence or other communication received from Ben T. Yu.

23. All correspondence or other communication sent to Ben T. Yu.

24. All DOCUMENTS RELATED TO the ability of Ben T. Yu to perform the duties of a Professor of Economics.

25. All DOCUMENTS RELATED TO any inability of Ben T. Yu to perform the duties of a Professor of Economics.

26. All DOCUMENTS RELATED TO any subsequent employer(s) of Ben T. Yu.

27. All DOCUMENTS RELATED TO any person or entity that has previously received any personnel or employment records of Ben T. Yu.

*(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court. | Page 4

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal Solutions Plus

CRC 201, 501

# EXHIBIT 2

1. All aspects of the employment of Ben T. Yu.

2. All aspects of the complete personnel file of Ben T. Yu.

3. All aspects of the salary and salary history of Ben T. Yu.

4. All aspects of the duties of Ben T. Yu.

5. All aspects of any promotion(s) of Ben T. Yu.

6. All aspects of any demotion(s) of Ben T. Yu.

7. All aspects of any discipline imposed against Ben T. Yu.

8. All aspects of any evaluation(s) of Ben T. Yu.

9. All aspects of any decision to hire Ben T. Yu.

10. All aspects of any decision to grant tenure to Ben T. Yu.

11. All aspects of any decision not to grant tenure to Ben T. Yu.

12. All aspects of any benefits provided to Ben T. Yu.

13. All aspects of any layoff(s) of Ben T. Yu.

14. All aspects of any discharge(s) of Ben T. Yu.

15. All aspects of any retirement of Ben T. Yu.

16. All aspects of any retirement benefits provided to Ben T. Yu.

17. All aspects of any leave of absence requested by Ben T. Yu.

18. All aspects of any leave of absence granted to Ben T. Yu.

19. All aspects of any sabbatical requested by Ben T. Yu.

20. All aspects of any sabbatical granted to Ben T. Yu.

21. All aspects of correspondence or other communication received from Ben T. Yu.

22. All aspects of correspondence or other communication sent to Ben T. Yu.

23. All aspects of the ability of Ben T. Yu to perform the duties of a Professor of Economics.

24. All aspects of any inability of Ben T. Yu to perform the duties of a Professor of Economics.

25. All aspects of any subsequent employer(s) of Ben T. Yu.

26. All aspects of any person or entity that has previously received any personnel or employment records of Ben T. Yu.

SCANNED

**EXHIBIT 3**

## **EXHIBIT 3**

1. The complete files RELATED TO Ben T. Yu. (For purposes of this deposition notice, RELATED TO means having any tendency to prove or disprove the subject matter to which the particular discovery request refers; discusses, mentions, concerns, alludes to, shows, discloses, explains, analyzes, constitutes, comprises, evidences, sets forth, summarizes, characterizes, or in any other way pertains to the subject matter of the discovery request.)

2. The complete personnel file RELATED TO Ben T. Yu.

3. All DOCUMENTS RELATED TO the salary and salary history of Ben T. Yu. (For purposes of this deposition notice, "DOCUMENT" has the same meaning as in California Evidence Code § 250 and means "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.")

4. All DOCUMENTS RELATED TO the duties of Ben T. Yu.

5. All DOCUMENTS RELATED TO any promotion(s) of Ben T. Yu.

6. All DOCUMENTS RELATED TO any demotion(s) of Ben T. Yu.

7. All DOCUMENTS RELATED TO any discipline imposed against Ben T. Yu.

8. All DOCUMENTS RELATED TO any evaluation(s) of Ben T. Yu.

9. All DOCUMENTS RELATED TO any decision to hire Ben T. Yu.

10. All DOCUMENTS RELATED TO any decision to grant tenure to Ben T. Yu.

11. All DOCUMENTS RELATED TO any decision not to grant tenure to Ben T. Yu.

12. All DOCUMENTS RELATED TO any benefits provided to Ben T. Yu.

13. All DOCUMENTS RELATED TO the salary and salary history of Ben T. Yu.

14. All DOCUMENTS RELATED TO any layoff(s) of Ben T. Yu.

15. All DOCUMENTS RELATED TO any discharge(s) of Ben T. Yu.

16. All DOCUMENTS RELATED TO any retirement of Ben T. Yu.

17. All DOCUMENTS RELATED TO any retirement benefits provided to Ben T. Yu.

18. All DOCUMENTS RELATED TO any leave of absence requested by Ben T. Yu.

19. All DOCUMENTS RELATED TO any leave of absence granted to Ben T. Yu.

20. All DOCUMENTS RELATED TO any sabbatical requested by Ben T. Yu.

21. All DOCUMENTS RELATED TO any sabbatical granted to Ben T. Yu.

22. All correspondence or other communication received from Ben T. Yu.

23. All correspondence or other communication sent to Ben T. Yu.

24. All DOCUMENTS RELATED TO the ability of Ben T. Yu to perform the duties of a Professor of Economics.

25. All DOCUMENTS RELATED TO any inability of Ben T. Yu to perform the duties of a Professor of Economics.

26. All DOCUMENTS RELATED TO any subsequent employer(s) of Ben T. Yu.

27. All DOCUMENTS RELATED TO any person or entity that has previously received any personnel or employment records of Ben T. Yu.